UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HOUSTON,

    Plaintiff,

v.                                        Case No: 2:13-cv-00164-SPC-UAM

SOUTHERN MANAGEMENT
CORPORATION, d/b/a BURGER
KING, NO: 9690,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant, Southern Management Corporation, Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness (Doc. #39) filed on October 10, 2013. The Plaintiff, Joe Houston filed a response (Doc. #44) on October 24, 2013. Thus, the Motion is now ripe for review.

## BACKGROUND

This is an Americans with Disabilities Act ("ADA") action. As a result of spinal injuries, Plaintiff is paralyzed and confined to a wheel chair. Prior to the commencement of this lawsuit, Plaintiff visited Defendant's Burger King restaurant where he allegedly

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

encountered a series of ADA violations that served as barriers which denied Plaintiff full access to the restaurant and which Plaintiff alleges discriminated against him on the basis of his disability. Plaintiff is seeking to compel Defendant to remove architectural barriers that allegedly hamper access. After the commencement of litigation, Defendant undertook several remedial actions on its restaurant in an attempt to bring it into ADA compliance.

On June 12, 2013, Defendant filed a Motion to Dismiss arguing that dismissal is proper because it has remediated all barriers to access found at the restaurant and has brought the restaurant into full compliance with the ADA. On June 26, 2013, Plaintiff filed a Motion for Additional Time to Respond to Defendant's Motion to Dismiss (Doc. 13). Plaintiff argued that such an extension was necessary so that he could perform an inspection of Defendant's premises before responding to the Defendant's Motion to Dismiss. On July 8, 2013, the Court entered an Order (Doc. 15) granting Plaintiff thirty (30) days from the date of the Order to respond to Defendant's Motion to Dismiss. On July 29, 2013, Plaintiff filed his Response in Opposition to Motion to Dismiss (Doc. 25). Attached as an exhibit to Plaintiff's Response was an expert report (the "Report") written by Peter Lowell, a licensed general contractor, providing that Defendant's facility was not compliant with the ADA even after Defendant's purported remediation of all ADA violations.  (Doc. 25-1 p. 5). The Court denied Defendant's Motion to Dismiss on October 31, 2013. (Doc. 46). Defendant has filed a Motion in Limine seeking to exclude certain testimony of Plaintiff's expert witness, Peter Lowell. (Doc. 39).

## **DISCUSSION**

Defendant argues that the Report by Mr. Lowell raises new allegations that were not contained in the Plaintiff's Amended Complaint. Defendant asserts that Mr. Lowell's trial testimony should be limited to the specific violations pled in Plaintiff's Amended Complaint. Plaintiff responds that the Amended Complaint includes the matters in which Mr. Lowell will be testifying and therefore, all of his testimony should be allowed.

A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007)(citing Schuler v. Mid-Central Cardiology,313 Ill.App.3d 326, 246 Ill.Dec. 163, 729 N.E.2d 536 (4th Dist.2000)). The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1.  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443(1984) (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion in Limine only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). Denial of a Motion in Limine does not insure evidence contemplated by the motion will be admitted at trial. Id.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citing U.S. v. Connelly, 874 F.2d 412, 416 (7th

Cir.1989)). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion in Limine. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Id. (citing Hawthorne Partners,831 F.Supp. at 1400-1401).

In this case, Defendant claims Mr. Lowell's testimony includes alleged ADA violations discovered during a July inspection which were not included in the Plaintiff's Amended Complaint. According to the Defendant, Mr. Lowell's July report raises "a litany of new issues and factual claims that were not alleged in Plaintiff's Amended Complaint." (Doc. 39 p. 6). These "new factual allegations" include a purported "obstructed" grab bar (July Report, ¶ 3), a partially exposed pipe below sink. (July Report, ¶5), and the positioning of a yellow safety cone. (July Report, ¶ 6). Defendant argues the report also includes a new assertion that the Defendant's failure to have an adequate maintenance plan for its accommodations, such that faded paint will not be repainted (July Report, ¶ 1, 6), loose screws will not be tightened (July Report, ¶ 4), and toilet paper dispensers affixed to the wall might be moved (July Report, ¶3) present new violations of the ADA not included in the Amended Complaint.

Defendant is correct in its contention that the present controversy is limited to those alleged defects specified in the Amended Complaint. Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010) aff'd, 444 F. App'x 412 (11th Cir. 2011). The law is clear in this Circuit that Plaintiff does not have standing to complain about alleged barriers which he was unaware of at the time he filed the complaint. Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004); See

Access Now, Inc. v. South Florida Stadium Corp., 161 F.Supp.2d 1357, 1365–66 (S.D.Fla.2001), and Resnick v. Magical Cruise Co., Ltd., 148 F.Supp.2d 1298, 1302 (M.D.Fla.2001). ADA lawsuits are not iterative; a plaintiff cannot bring previously undiscovered defects into the scope of a suit without amending the complaint. Id. See also, Mattix v. Dunn Plaza Invs., LLC, 2012 U.S. Dist. LEXIS 100214, (M.D. Fla. 2012).

The Defendant argues that Mr. Lowell's report, addresses issues beyond the scope of the Amended Complaint. For example, the Defendant asserts that the "obstructed" grab bars in the restroom as described in Mr. Lowell's report, goes beyond the scope of the Amended Complaint which alleges a "failure to provide required grab bars." The Court does not find the Defendant's distinction compelling. Furthermore, Motion in Limine is not the proper forum for deciphering such minutia. "Motions in Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Stewart, 2007 WL 1752873 at *1. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id.

The Court does not believe that Mr. Lowell's testimony exceeds the scope of the defects alleged in the Amended Complaint. For example, Mr. Lowell's report focuses on an inspection of Defendant's parking lot and restrooms. These two areas were the primary subject of Plaintiff's Amended Complaint. The Court finds that Plaintiff's Amended Complaint specifically references noncompliance issues with the restroom grab bars—an allegedly defective feature specifically identified in the Amended Complaint. In addition, Mr. Lowell's report discusses the Defendant's failure to provide sufficient access aisle in the parking lot which was also included in the Amended

Complaint. Thus, Mr. Lowell shall be permitted to testify regarding the findings in his July report regarding these areas.

The Defendant also asserts that Mr. Lowell's testimony alleging a failure to maintain accessible features, and a policy, practice or procedure to ensure the facility is accessible, is outside the allegations of the Amended Complaint. However, the Court finds these issues were also raised in the Amended Complaint. The Amended Complaint contains allegations that the Defendant failed to "adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations" to disabled individuals and "the facility fails to properly maintain accessible features and equipment." (Doc. 4 p. 4). These assertions are sufficient to satisfy the requirements of 28 C.F.R. Part 36.302 and 28 C.F.R. Part 36.211 and also encompass the ABA violations contained in Mr. Lowell's testimony.

Therefore, because ADA violations relating to Defendant's failure to have an adequate maintenance plan and its failure to adhere to a policy for accommodations was properly alleged in the Amended Complaint, Mr. Lowell may testify regarding such matters.

The Court finds that Mr. Lowell's testimony does not extend beyond the Amended Complaint. Therefore, the Defendant's Motion in Limine is denied and the Plaintiff may provide the testimony of Mr. Lowell in regards the allegations contained in the Amended Complaint.

Accordingly, it is now

**ORDERED:**

Defendant, Southern Management Corporation, Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness (Doc. 39) **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of November, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record